**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION**

| | |
|---|---|
| JACOB MITCHELL, <br><br>    Plaintiff <br><br> v. <br><br> THE WEATHER CHANNEL, LLC, <br><br>    Defendant | CIVIL ACTION FILE NO. |

## COMPLAINT

Plaintiff JACOB MITCHELL brings this Complaint for damages and other relief against Defendant THE WEATHER CHANNEL, LLC and alleges as follows.

## INTRODUCTION

This is an action for unpaid overtime wages pursuant to § 216(b) of the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.* ("FLSA").

## PARTIES

1.  Plaintiff Jacob Mitchell is a citizen of Georgia and resides in Buford, Georgia.

1

2.     Defendant The Weather Channel, LLC is a Georgia limited liability company with its principle office located at 300 Interstate North Parkway SE, Atlanta, GA 30339.  Defendant may be served with process by delivering a copy of the complaint and summons to its Registered Agent, Gary Saidman, located at 300 Interstate North Parkway SE, Atlanta, GA, 30339.

## JURISDICTION AND VENUE

3.     The Court has original jurisdiction over Plaintiff's claim pursuant to 28 U.S.C. § 1331, because Plaintiff's claim raises a question of federal law.

4.     Under 28 U.S.C. § 1391, venue is proper in the Northern District of Georgia because a substantial part of the events or omissions giving rise to Plaintiffs' claims occurred within the Northern District of Georgia.

5.     Pursuant to Local Rule 3.1(B)(1)(a) and § 1391(d), venue is proper in this the Atlanta Division, because Defendant resides in Cobb County.

## COUNT 1
## FAILURE TO PAY OVERTIME

6.     Plaintiff restates and incorporates into this count all previous allegations.

7.     In the three years prior to the filing of this complaint, Defendant has been and continues to be engaged in interstate commerce and/or the production of goods for commerce within the meaning of the federal Fair Labor Standards Act ("FLSA").

8.     In the three years prior to the filing of this complaint, Defendant has been and continues to be an "employer" engaged in interstate commerce and/or the production of goods for commerce within the meaning of the FLSA.

9.     In the three years prior to the filing of this complaint, Defendant has employed one or more individuals who handled materials that traveled in interstate commerce.

10.    In each of the three years prior to the filing of this complaint, Defendant has had an annual gross volume of sales made or business done in excess of $500,000.

11.    Defendants' annual gross volume of sales made or business done in 2016 will exceed $500,000.

12.    Defendant employed Plaintiff, who was engaged in interstate commerce and/or in the production of goods for commerce.

13.   From July 2, 2014 Mitchell commenced work at TWC as a Broadcast System Engineer.

14.   At all times relevant, TWC paid Mitchell an hourly rate of $27.32 per hour.

15.   From July 2, 2014 until September 8, 2015, Mitchell worked a night shift consisting of four nights per week for 10.5 hours per night.

16.   Each night he was scheduled to work, Mitchell was required to start work at 8:30 PM and to continue work until 7:00 AM.

17.   As a result, Mitchell worked a regular schedule of 42 hours per week.

18.   As an hourly employee working more than 40 hours per week, Mitchell was entitled to overtime compensation.

19.   However, TWC refused to pay him overtime.  Instead, TWC paid him for only 40 hours per week.

20.   In addition to the above unpaid overtime, during the period October 4, 2015 to October 23, 2015, Mitchell was also required to remain on duty during his accustomed sleep time.

21.    Mitchell was permitted to leave the office, but he was required to keep a mobile phone with him at all times, and he was required to wake up and respond immediately to any calls he might receive on that phone.

22.    As a result, Mitchell  was kept on duty during his sleep time.

23.    Mitchell is entitled to overtime payment for his on-duty hours during the period from October 4, 2015 to October 23, 2015.

24.    Additionally, Mitchell was required to attend an hour-long meeting every two weeks.

25.    These meetings were mandatory and they were in addition to Mitchell's full time schedule.

26.    Mitchell is entitled to overtime pay for his time attending these meetings.

27.    Additionally, TWC refused to pay Mitchell for his last two weeks of work.

28.    TWC consistently and willfully refused to pay Mitchell for the full amount of overtime he worked each week.

29.    TWC violated the FLSA when it refused to pay Mitchell overtime hours for work performed in excess of forty (40) hours per week.

## COUNT 2
## RETALIATION

30.   Plaintiff restates and incorporates into this count all previous allegations.

31.   On November 6, 2015, Mitchell through counsel sent a letter informing TWC of his claim for unpaid overtime.

32.   Later, after receiving Mitchell's demand, TWC advised him that it would not pay him for his final two weeks of work.

33.   Subsequently, TWC refused to pay Mitchell for his final two weeks of work.

34.   TWC's actions taken against Mitchell are materially adverse to a reasonable employee because TWC's actions would dissuade a reasonable worker from making or supporting an FLSA claim.

35.   A causal connection exists between the TWC's protected activity and the adverse action, given the proximity-in-time between Mitchell's demand and TWC's adverse action.

36.   TWC violated the FLSA, 29 U.S.C. § 215(a)(3), by taking adverse action because Mitchell asserted his claim against TWC related to TWC's willful violations of FLSA's minimum and overtime wage provisions.

37.  Section 216(b) of the FLSA makes any employer who violates section 215(a)(3) liable for such legal and equitable relief as is appropriate to effectuate the purposes of that section, including without limitation, employment, reinstatement, payment of lost wages, compensatory and punitive damages, as well as an additional equal amount as liquidated damages, costs, and attorneys' fees.

## PRAYER FOR RELIEF

Based on the allegations set forth in this Complaint, and the evidence as it is developed in this case, Plaintiff respectfully prays that:

(a)  The Court enter a monetary judgment in favor of Plaintiff;

(b)  The Court enter a declaratory judgment against the Defendant that it violated the FLSA and that their violations of the FLSA were willful;

(c)  The Court award Plaintiff all unpaid wages, as provided by the FLSA;

(d)  The Court award Plaintiff an equal amount as liquidated damages, as provided by the FLSA;

(e)  As to Count 2, the Court award Plaintiff compensatory and punitive damages resulting from Defendant's retaliatory adverse action against Plaintiff.

7

(f)     The Court award Plaintiff prejudgment interest;

(g)     The Court award Plaintiff his reasonable costs and attorney fees as provided by the FLSA; and

(h)     The Court grant Plaintiff such other relief as the Court deems just and proper.

## DEMAND FOR JURY TRIAL

Pursuant to Federal Rules of Civil Procedure 38, Plaintiff demands a jury trial on all issues triable by a jury.

Respectfully submitted: February 17, 2016.

**MAYS & KERR, LLC**               /s/ James Craig
235 Peachtree St NE | Suite 202    James Craig
Atlanta, GA 30303                  Georgia Bar No. 940586
T: (404) 410 – 7998                james@maysandkerr.com
F: (877) 813 – 1845
                                   Counsel for the Plaintiff